IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10 CR 961 |
| ) | |
| Vernon Chapman, ) | |
| ) | |
| Defendant. ) | |

Memorandum Order

Defendant Vernon Chapman ("Chapman"), much like the patient who goes from doctor to doctor in an effort to find one who will agree with his own self-diagnosis, has run through a passel of court-appointed lawyers until he has ultimately opted to act pro se (see Faretta v. California, 422 U.S. 806 (1975)). Now Chapman has tendered a hand-printed "Motion To Suppress/Dismiss Evidence," advancing once again his repeatedly-urged position that an important part of the evidence against him -- video and audio records of inculpatory meetings with someone whom he did not know was cooperating with the government -- should be suppressed.

Earlier one of the lawyers then representing Chapman sought and obtained the appointment of an expert in the field to check Chapman's contention that a key tape had been altered, although other experts had already found otherwise. That expert's work provided no comfort to Chapman's idee fixe. Now Chapman's latest motion charges the FBI with having reproduced and delivered to

him and his former counsel a tape or tapes covering only portions of the meeting or meetings in which he was involved, omitting portions that Chapman says would have negated any predisposition on his part to commit the offenses with which he is charged.

This Court's initial reaction to this current motion, given Chapman's utter failure in his earlier efforts, would be (1) to deny the motion but (2) to allow Chapman, if he chooses to testify at trial, to recount his version of the partial conversation or conversations that he says were not recorded. If that is done, the government would of course have the opportunity to present its version of events to the jury. This Court will however await the government's prompt response to Chapman's current motion so that it may be ruled upon.[1]

_____
Milton I. Shadur
Senior United States District Judge

Dated:   December 9, 2013

---

[1] Input should also be provided by the parties as to whether the jury should also hear anything about Chapman's earlier unsuccessful efforts to suppress the same evidence as tainted on a different theory.